IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| Ron Alwan, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| City of Le Roy, Chief Jason Williamson, and Unknown Le Roy Police Officers, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Ron Alwan, through his attorneys Hale & Monico, LLC, complains of Defendants City of Le Roy, Chief Jason Williamson, and Unknown Le Roy Police Officers. In support of his complaint, Plaintiff states:

### Parties

1. Plaintiff Ron Alwan is a 76-year old retiree who is resident of Le Roy, Illinois.

2. Defendant City of Le Roy is a municipal corporation organized under the laws of Illinois. Defendant City of Le Roy is responsible for the policies, practices, and customs and the Le Roy Police Department and was the employer of Defendant Chief Jason Williamson and Unknown Le Roy Police Officers during the relevant time.

3. Defendant Chief Jason Williamson was, during the relevant time, the Chief of Police for the Le Roy Police Department and was acting within the scope of his employment and/or agency with Defendant City of Le Roy. Defendant Williamson is sued in his individual capacity.

1

4.  Defendant Unknown Le Roy Police Officers were, during the relevant time, sworn law enforcement officers with the Le Roy Police Department and were acting within the scope of their employment and/or agency with Defendant City of Le Roy. Defendant Unknown Le Roy Police Officers are sued in their individual capacities.

## Jurisdiction and Venue

5.  This action arises under the Fourth Amendment to the Constitution of the United States, under Federal Law, specifically Title 42 of the United States Code, Sections 1983 and 1988, and under laws of the State of Illinois.

6.  The jurisdiction of this Court is invoked under the provisions of Title 28 of the United States Code, Sections 1331 and 1343. Plaintiff also invokes the supplemental jurisdiction of this Court pursuant to Title 28 of the United States Code, Section 1367.

7.  Venue is proper in the United States District Court for the Central District of Illinois, Peoria Division, under Title 28 of the United States Code, Section 1392(b)(2), as the events giving rise to this litigation occurred within this district.

## Factual Allegations

8.  On or about June 3, 2019, Plaintiff was lawfully driving his vehicle and was exiting a McDonald's drive-through after having purchased food.

9.  Plaintiff's license was valid on June 3, 2019.

10. Plaintiff needed to eat this food so he could take his prescribed medication.

11. Defendant Williamson effected a traffic stop of Plaintiff's vehicle.

12. Defendant Williamson forced Plaintiff to exit his vehicle. Defendant Williamson and/or Unknown Le Roy Police Officers placed Plaintiff under arrest on the alleged basis of driving without a valid driver's license.

13. Plaintiff was handcuffed.

14. The handcuffs were too tight. Plaintiff complained about the handcuffs to Defendant Williamson and/or Unknown Le Roy Police Officers, who refused to loosen or remove the handcuffs.

15. Plaintiff was taken to the Le Roy Police Station and booked. During this process, the money Plaintiff had on his person was confiscated by unknown police officers.

16. Plaintiff was forced to remain at the station for several hours.

17. During his time in custody, Plaintiff was not provided food or water and was not permitted to take his medication.

18. Plaintiff's vehicle was towed to a lot, with Defendant Williamson and/or Unknown Le Roy Police Officers claiming that the vehicle was subject to impoundment due to Plaintiff driving the vehicle without a driver's license.

19. After several hours, Plaintiff was released from custody. Unknown police officers refused to return Plaintiff's money to him.

20. As he had no money for a cab and his vehicle was not returned, Plaintiff was forced to walk to his home, a distance of several miles.

21. Defendant Williamson and/or Unknown Le Roy Police Officers caused Plaintiff to be criminally charged for allegedly operating a vehicle without a valid driver's license.

22. The charges against Plaintiff were dismissed and terminated in his favor; this is because Plaintiff had a valid driver's license on June 3, 2019.

23. Notwithstanding the dismissal of the charges against him, Plaintiff was still forced to pay the costs associated with the Le Roy Police Department having his vehicle towed. Plaintiff was forced to spend several hundred dollars in fees and to have his vehicle released.

## CLAIMS

### Count I – Fourth Amendment – Conditions of Confinement
### Defendants Williamson and Unknown Le Roy Police Officers

24. Plaintiff incorporates all preceding paragraphs of this complaint.

25. At the time of his arrest, Plaintiff was seized within the meaning of the Fourth Amendment.

26. During the several hours he spent in custody, Plaintiff was not provided food or water and was not permitted to take his medication.

27. The denial of food, water, and medicine was objectively unreasonable. As such, the conduct of Defendants Williamson and Unknown Le Roy Police Officers violated Plaintiff's Fourth Amendment rights.

28. Due to the violation of his Fourth Amendment rights, Plaintiff suffered damages.

Wherefore, Plaintiff prays for judgment in his favor and against Defendants Williamson and Unknown Le Roy Police Officers and for an award of compensatory damages, punitive damages, attorneys' fees, costs, and any other relief deemed just.

### Count II – Fourth Amendment – Excessive Force
### Defendant Williamson and Unknown Le Roy Police Officers

29. Plaintiff incorporates all preceding paragraphs of this complaint.

30. At the time of his arrest, Plaintiff was handcuffed by Defendant Williamson and/or Unknown Le Roy Police Officers.

31. Defendant Williamson's and/or Unknown Le Roy Police Officers' use of handcuffs violated the Fourth Amendment in that the handcuffs were on Plaintiff's wrist too tightly.

32. Defendant Williamson and/or Unknown Le Roy Police Officers did not remove the handcuffs despite Plaintiff stating that the handcuffs were causing injury.

33. Defendant Williamson's and/or Unknown Le Roy Police Officers' use of the handcuffs and failure to remove them was a use of force that was unreasonable based on the totality of the circumstances. As such, the conduct of Defendant Williamson and/or Unknown Le Roy Police Officers violated Plaintiff's Fourth Amendment rights.

34. Due to the violation of his Fourth Amendment rights, Plaintiff suffered damages.

Wherefore, Plaintiff prays for judgment in his favor and against Defendant Williamson and/or Unknown Le Roy Police Officers and for an award of compensatory damages, punitive damages, attorneys' fees, costs, and any other relief deemed just.

### Count III – Fourth Amendment – Unreasonable Seizure
### Defendant Williamson and Unknown Le Roy Police Officers

35. Plaintiff incorporates all preceding paragraphs of this complaint.

36. Upon information and belief, Defendant Williamson and/or Unknown Le Roy Police Officers caused Plaintiff's vehicle to be towed and impounded.

37. There was no probable cause to believe that Plaintiff's vehicle was subject to impoundment under the laws of Illinois or City of Le Roy municipal ordinances.

38. By causing Plaintiff's vehicle to be impounded without probable cause, Defendant Williamson and/or Unknown Le Roy Police Officers violated Plaintiff's Fourth Amendment rights.

39. Due to the violation of his Fourth Amendment rights, Plaintiff suffered damages.

Wherefore, Plaintiff prays for judgment in his favor and against Defendant Williamson and/or Unknown Le Roy Police Officers and for an award of compensatory damages, punitive damages, attorneys' fees, costs, and any other relief deemed just.

### Count IV – Illinois State Law – Malicious Prosecution
### Defendant City of Le Roy

40. Plaintiff incorporates all preceding paragraphs of this complaint.

41. Defendant City of Le Roy, through its employees (Le Roy Police Officers, including Defendant Williamson) brought charges against Plaintiff alleging that was operating a vehicle without a valid license.

42. There was no probable cause for these charges as Plaintiff had a valid driver's license at the time.

6

43. Defendant City of Le Roy, though its employees, acted with malice by causing Plaintiff to be prosecuted for these charges despite the absence of probable cause.

44. The employees of Defendant City of Le Roy were acting within the scope of their employment during the relevant time.

45. The charges were terminated in Plaintiff's favor and in a manner indicative of innocence when the charges were dismissed on July 10, 2019.

46. As a result of being prosecuted despite the absence of probable cause, Plaintiff suffered damages.

Wherefore, Plaintiff prays for judgment in his favor and against Defendant City of Le Roy and for an award of compensatory damages, costs, and any other relief deemed just.

### Count V – Illinois State Law – Indemnification
### Defendant City of Le Roy

47. Plaintiff incorporates all preceding paragraphs of this complaint.

48. During the relevant time, Defendants Williamson and Unknown Le Roy Police Officers acted within the scope of their employment with Defendant City of Le Roy.

49. Pursuant to 745 ILCS 10/9-102, Defendant City of Le Roy is required to indemnify Defendants Williamson and Unknown Le Roy Police Officers for any judgment against them for acts or omissions done within the scope of their employment.

Wherefore, Plaintiff prays that Defendant City of Le Roy be required to indemnify Defendants Williamson and Unknown Le Roy Police Officers for any award of compensatory damages and attorneys' fees.

## JURY DEMAND

Plaintiff demands a trial by jury.

                                         Respectfully submitted,

                                  By:   */s/ Shawn W. Barnett*
                                             Shawn W. Barnett
                                             Attorney No. 6312312

HALE & MONICO, LLC
53 West Jackson, Suite 337
Chicago, IL 60604
(312) 870-6905