IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| RON ALWAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.: 19-CV-1358-MMM-JEH |
| | ) | |
| CITY OF LEROY et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT OF
<u>DEFENDANTS CITY OF LE ROY AND CHIEF JASON WILLIAMSON</u>**

Defendants, City of LeRoy ("Defendant City") and Chief Jason Williamson ("Defendant Williamson") (collectively "Defendants") through their attorney, Michael J. Victor, for their Answer and Affirmative Defenses to Plaintiff's Complaint, state as follows:

**Parties**

1. Plaintiff Ron Alwan is a 76-year old retiree who is resident of Le Roy, Illinois.

**ANSWER:** **Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.**

2. Defendant City of Le Roy is a municipal corporation organized under the laws of Illinois. Defendant City of Le Roy is responsible for the policies, practices, and customs and the Le Roy Police Department and was the employer of Defendant Chief Jason Williamson and Unknown Le Roy Police Officers during the relevant time.

**ANSWER:** **Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations that Defendant City of Le Roy was the employer of "Unknown Le Roy Police Officers" during the relevant time. Defendants admit the remaining allegations in this paragraph.**

3. Defendant Chief Jason Williamson was, during the relevant time, the Chief of Police for the Le Roy Police Department and was acting within the scope of his employment

and/or agency with Defendant City of Le Roy. Defendant Williamson is sued in his individual capacity.

**ANSWER:    Defendants admit the allegations in this paragraph.**

4.      Defendant Unknown Le Roy Police Officers were, during the relevant time, sworn law enforcement officers with the Le Roy Police Department and were acting within the scope of their employment and/or agency with Defendant City of Le Roy. Defendant Unknown Le Roy Police Officers are sued in their individual capacities.

**ANSWER:    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.**

## Jurisdiction and Venue

5.      This action arises under the Fourth Amendment to the Constitution of the United States, under Federal Law, specifically Title 42 of the United States Code, Sections 1983 and 1988, and under laws of the State of Illinois.

**ANSWER:    The allegations in this paragraph constitute legal conclusions to which no response is required.**

6.      The jurisdiction of this Court is invoked under the provisions of Title 28 of the United States Code, Sections 1331 and 1343. Plaintiff also invokes the supplemental jurisdiction of this Court pursuant to Title 28 of the United States Code, Section 1367.

**ANSWER:    Defendants admit the allegations in this paragraph.**

7.      Venue is proper in the United States District Court for the Central District of Illinois, Peoria Division, under Title 28 of the United States Code, Section 1392(b)(2), as the events giving rise to this litigation occurred within this district.

**ANSWER:    Defendants deny that Plaintiff has accurately alleged the events giving rise to this litigation.   Defendants admit the remaining allegations in this paragraph.**

## Factual Allegations

8. On or about June 3, 2019, Plaintiff was lawfully driving his vehicle and was exiting a McDonald's drive-through after having purchased food.

**ANSWER:** **Defendants deny the allegations in this paragraph.**

9. Plaintiff's license was valid on June 3, 2019.

**ANSWER:** **Defendants deny the allegations in this paragraph.**

10. Plaintiff needed to eat this food so he could take his prescribed medication.

**ANSWER:** **Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.**

11. Defendant Williamson effected a traffic stop of Plaintiff's vehicle.

**ANSWER:** **Defendants admit the allegations in this paragraph.**

12. Defendant Williamson forced Plaintiff to exit his vehicle. Defendant Williamson and/or Unknown Le Roy Police Officers placed Plaintiff under arrest on the alleged basis of driving without a valid driver's license.

**ANSWER:** **Defendants deny that Defendant Williamson "forced" Plaintiff to exit his vehicle, but admit the remaining allegations in the first sentence of this paragraph. Defendants admit that Defendant Williamson placed Plaintiff under arrest on the basis of driving without a valid driver's license, but deny that this was the only basis to legally arrest Plaintiff.   Defendants deny the remaining allegations in this paragraph.**

13. Plaintiff was handcuffed.

**ANSWER:** **Defendants admit the allegations in this paragraph.**

14. The handcuffs were too tight. Plaintiff complained about the handcuffs to Defendant Williamson and/or Unknown Le Roy Police Officers, who refused to loosen or remove the handcuffs.

**ANSWER:** **Defendants admit that Plaintiff complained about the handcuffs, but deny the remaining allegations in this paragraph.**

15. Plaintiff was taken to the Le Roy Police Station and booked. During this process, the money Plaintiff had on his person was confiscated by unknown police officers.

**ANSWER:   Defendants deny the allegations in this paragraph.**

16. Plaintiff was forced to remain at the station for several hours.

**ANSWER:   Defendants deny the allegations in this paragraph.**

17. During his time in custody, Plaintiff was not provided food or water and was not permitted to take his medication.

**ANSWER:   Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.**

18. Plaintiff's vehicle was towed to a lot, with Defendant Williamson and/or Unknown Le Roy Police Officers claiming that the vehicle was subject to impoundment due to Plaintiff driving the vehicle without a driver's license.

**ANSWER:   Defendants admit that Plaintiff's vehicle was towed to a lot. Defendants admit that Plaintiff's vehicle was legally subject to impoundment due to Plaintiff driving the vehicle without a driver's license. Defendants deny the remaining allegations in this paragraph.**

19. After several hours, Plaintiff was released from custody. Unknown police officers refused to return Plaintiff's money to him.

**ANSWER:   Defendants deny that they ever refused to return Plaintiff's money to him. Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in this paragraph.**

20. As he had no money for a cab and his vehicle was not returned, Plaintiff was forced to walk to his home, a distance of several miles.

**ANSWER:   Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.**

21. Defendant Williamson and/or Unknown Le Roy Police Officers caused Plaintiff to be criminally charged for allegedly operating a vehicle without a valid driver's license.

**ANSWER:   Defendants admit that Defendant Williamson caused Plaintiff to be criminally charged for allegedly operating a vehicle without a valid driver's license.**

22. The charges against Plaintiff were dismissed and terminated in his favor; this is because Plaintiff had a valid driver's license on June 3, 2019.

**ANSWER:   Defendants deny that Plaintiff had a valid driver's license on June 3, 2019. Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in this paragraph.**

23. Notwithstanding the dismissal of the charges against him, Plaintiff was still forced to pay the costs associated with the Le Roy Police Department having his vehicle towed. Plaintiff was forced to spend several hundred dollars in fees and to have his vehicle released.

**ANSWER:   Defendants deny the allegations in the first sentence of this paragraph. Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in this paragraph.**

## CLAIMS

### Count I – Fourth Amendment – Conditions of Confinement
### Defendants Williamson and Unknown Le Roy Police Officers

24. Plaintiff incorporates all preceding paragraphs of this complaint.

**ANSWER:   Defendants re-assert and incorporate by reference their responses to each of the preceding paragraphs as though fully set forth herein.**

25. At the time of his arrest, Plaintiff was seized within the meaning of the Fourth Amendment.

**ANSWER:   The allegations in this paragraph constitute legal conclusions to which no response is required.**

26. During the several hours he spent in custody, Plaintiff was not provided food or water and was not permitted to take his medication.

**ANSWER:   Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.**

27. The denial of food, water, and medicine was objectively unreasonable. As such, the conduct of Defendants Williamson and Unknown Le Roy Police Officers violated Plaintiff's Fourth Amendment rights.

**ANSWER:** **Defendants deny the allegations in this paragraph.**

28. Due to the violation of his Fourth Amendment rights, Plaintiff suffered damages.

**ANSWER:** **Defendants deny the allegations in this paragraph.**

**WHEREFORE, Chief Jason Williamson denies that he is liable to plaintiff and pray that this count dismissed with costs assessed against plaintiff.**

### Count II – Fourth Amendment – Excessive Force
### Defendant Williamson and Unknown Le Roy Police Officers

29. Plaintiff incorporates all preceding paragraphs of this complaint.

**ANSWER:** **Defendants re-assert and incorporate by reference their responses to each of the preceding paragraphs as though fully set forth herein.**

30. At the time of his arrest, Plaintiff was handcuffed by Defendant Williamson and/or Unknown Le Roy Police Officers.

**ANSWER:** **Defendant Williamson admits the allegations in this paragraph.**

31. Defendant Williamson's and/or Unknown Le Roy Police Officers' use of handcuffs violated the Fourth Amendment in that the handcuffs were on Plaintiff's wrist too tightly.

**ANSWER:** **Defendants deny the allegations in this paragraph.**

32. Defendant Williamson and/or Unknown Le Roy Police Officers did not remove the handcuffs despite Plaintiff stating that the handcuffs were causing injury.

**ANSWER:** **Defendants deny the allegations in this paragraph.**

33. Defendant Williamson's and/or Unknown Le Roy Police Officers' ' use of the

handcuffs and failure to remove them was a use of force that was unreasonable based on the totality of the circumstances. As such, the conduct of Defendant Williamson and/or Unknown Le Roy Police Officers violated Plaintiff's Fourth Amendment rights.

**ANSWER:** **Defendants deny the allegations in this paragraph.**

34. Due to the violation of his Fourth Amendment rights, Plaintiff suffered damages.

**ANSWER:** **Defendants deny the allegations in this paragraph.**

**WHEREFORE, Chief Jason Williamson denies that he is liable to plaintiff and pray that this count dismissed with costs assessed against plaintiff.**

### Count III – Fourth Amendment – Unreasonable Seizure
### Defendant Williamson and Unknown Le Roy Police Officers

35. Plaintiff incorporates all preceding paragraphs of this complaint.

**ANSWER:** **Defendants re-assert and incorporate by reference their responses to each of the preceding paragraphs as though fully set forth herein.**

36. Upon information and belief, Defendant Williamson and/or Unknown Le Roy Police Officers caused Plaintiff's vehicle to be towed and impounded.

**ANSWER:** **Defendants admit the allegations in this paragraph.**

37. There was no probable cause to believe that Plaintiff's vehicle was subject to impoundment under the laws of Illinois or City of Le Roy municipal ordinances.

**ANSWER:** **Defendants deny the allegations in this paragraph.**

38. By causing Plaintiff's vehicle to be impounded without probable cause, Defendant Williamson and/or Unknown Le Roy Police Officers violated Plaintiff's Fourth Amendment rights.

**ANSWER:** **Defendants deny the allegations in this paragraph.**

39. Due to the violation of his Fourth Amendment rights, Plaintiff suffered damages.

**ANSWER:    Defendants deny the allegations in this paragraph.**

**WHEREFORE, Chief Jason Williamson denies that he is liable to plaintiff and pray that this count dismissed with costs assessed against plaintiff.**

### Count IV – Illinois State Law – Malicious Prosecution
### Defendant City of Le Roy

40. Plaintiff incorporates all preceding paragraphs of this complaint.

**ANSWER:    Defendant City re-asserts and incorporates by reference its responses to each of the preceding paragraphs as though fully set forth herein.**

41. Defendant City of Le Roy, through its employees (Le Roy Police Officers, including Defendant Williamson) brought charges against Plaintiff alleging that was operating a vehicle without a valid license.

**ANSWER:    Defendant City admits the allegations in this paragraph.**

42. There was no probable cause for these charges as Plaintiff had a valid driver's license at the time.

**ANSWER:    Defendant City denies the allegations in this paragraph.**

43. Defendant City of Le Roy, though its employees, acted with malice by causing Plaintiff to be prosecuted for these charges despite the absence of probable cause.

**ANSWER:    Defendant City denies the allegations in this paragraph.**

44. The employees of Defendant City of Le Roy were acting within the scope of their employment during the relevant time.

**ANSWER:    Defendant City admits Defendant Williamson was acting within the scope of his employment during the relevant time, but lack sufficient knowledge or information to form a belief about the truth of the allegations that "Unknown Le Roy Police Officers" were acting with the scope of their employment during the relevant time.**

45. The charges were terminated in Plaintiff's favor and in a manner indicative of innocence when the charges were dismissed on July 10, 2019.

**ANSWER:  Defendant City lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.**

46. As a result of being prosecuted despite the absence of probable cause, Plaintiff suffered damages.

**ANSWER:  Defendant City denies the allegations in this paragraph.**

**WHEREFORE, City of Le Roy denies that it is liable to plaintiff and pray that this count dismissed with costs assessed against plaintiff.**

### Count V – Illinois State Law – Indemnification
### Defendant City of Le Roy

47. Plaintiff incorporates all preceding paragraphs of this complaint.

**ANSWER:  Defendant City re-asserts and incorporates by reference its responses to each of the preceding paragraphs as though fully set forth herein.**

48. During the relevant time, Defendants Williamson and Unknown Le Roy Police Officers acted within the scope of their employment with Defendant City of Le Roy.

**ANSWER:  Defendant City admits Defendant Williamson was acting within the scope of his employment with Defendant City during the relevant time, but lack sufficient knowledge or information to form a belief about the truth of the allegations that "Unknown Le Roy Police Officers" were acting with the scope of their employment with Defendant City during the relevant time.**

49. Pursuant to 745 ILCS 10/9-102, Defendant City of Le Roy is required to indemnify Defendants Williamson and Unknown Le Roy Police Officers for any judgment against them for acts or omissions done within the scope of their employment.

**ANSWER:  The allegations in this paragraph constitute legal conclusions to which no response is required.**

**WHEREFORE, City of LeRoy denies that it is liable to plaintiff and pray that this count dismissed with costs assessed against plaintiff.**

## AFFIRMATIVE DEFENSES

Defendants, City of LeRoy ("Defendant City") and Chief Jason Williamson ("Defendant Williamson") (collectively, "Defendants") for their Affirmative Defenses to Plaintiff's Complaint, state as follows:

*Affirmative Defenses to Count I-III*

### First Affirmative Defense (Qualified Immunity)

1. Defendant Williamson has qualified immunity as to the claims that they violated Plaintiff's constitutional rights.

2. They did not knowingly violate clearly established constitutional rights of which a reasonable person would have known.

*Affirmative Defenses to Counts IV-V*

### Second Affirmative Defense (Discretionary Immunity)

3. Defendant City is immune under the Illinois Tort Immunity Act, specifically, 745 ILCS 10/2-201.

### Third Affirmative Defense (745 ILCS 10/2-208)

4. Plaintiff's state law claims are barred by § 745 ILCS 10/2-208 because Defendants did not act with malice and he had probable cause; therefore, they have immunity from liability.

**DEFENDANTS DEMAND TRIAL BY JURY.**

**CITY OF LEROY AND CHIEF JASON WILLIAMSON**

By: *s/ Michael J. Victor*
One of their attorneys

Michael J. Victor, #6297846
O'Halloran Kosoff Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Telephone:   (847) 291-0200
Fax: (847) 291-9230
E-mail:   mvictor@okgc.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | |
|---|---|
| RON ALWAN ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No.:   19-CV-1358-MMM-JEH |
| ) | |
| CITY OF LEROY et al., ) | |
| ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 19, 2019, I electronically filed Defendants' Answer and Affirmative Defenses with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following registered CM/ECF participant(s):

    Shawn W. Barnett – sbarnett@ahalelaw.com
    Andrew MacDonald Hale – ahale@ahalelaw.com
    Hale & Monico, LLC
    53 W. Jackson, Suite 337
    Chicago, IL   60604

    By:    *S/ Michael J. Victor*
               Michael J. Victor, #6297846
               O'Halloran Kosoff Geitner & Cook, LLC
               650 Dundee Road, Suite 475
               Northbrook, Illinois 60062
               Telephone:   (847) 291-0200
               Fax: (847) 291-9230
               E-mail:   mvictor@okgc.com