# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | | |
|---|---|---|
| RON ALWAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-1358 |
| | ) | |
| CITY OF LEROY, CHIEF JASON | ) | |
| WILLIAMSON, UNKNOWN LEROY | ) | |
| POLICE OFFICERS, MCLEAN COUNTY, | ) | |
| MCLEAN COUNTY SHERIFF'S | ) | |
| DEPARTMENT, and UNKNOWN MCLEAN | ) | |
| COUNTY SHERIFF DEPUTIES, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND OPINION

This matter is now before the Court on Defendants', McLean County ("County"), McLean County Sheriff's Department ("Sheriff's Department"), and Unknown McLean County Sheriff Deputies ("Sheriff Deputies") (collectively "the McLean County Defendants") Motion to Dismiss[1] Plaintiff Ron Alwan's ("Plaintiff") Amended Complaint under Fed. R. Civ. P. 12(b)(6). ECF No. 20. For the reasons stated below, the McLean County Defendants' Motion is DENIED.

## BACKGROUND

Plaintiff is a 76-year-old retiree and resident of LeRoy, Illinois.[2] On June 3, 2019, Plaintiff went to a McDonald's drive-through when he was subjected to a traffic stop after having purchased his food. Plaintiff alleges he needed the food in order to take his prescribed medication. Defendants Williamson and Unknown LeRoy Police Officers placed Plaintiff under arrest based on driving without a valid driver's license. Plaintiff was taken to the LeRoy Police Station and booked. At

---

[1] The City of LeRoy, Chief Jason Williamson, and Unknown LeRoy Police Officers are not included in the McLean County Defendants' Motion to Dismiss.
[2] The facts in the Background section are derived from Plaintiff's Amended Complaint. ECF No. 12.

some point, Plaintiff was transferred to the McLean County Detention Facility, which is run by the Sheriff's Department. During the booking process, Plaintiff's personal property, including his money, was confiscated by Sheriff Deputies. During his time in custody, Plaintiff was not provided food or water and was not permitted to take his medication, despite numerous requests. Plaintiff's vehicle was towed to a lot, with Defendants Williamson and Unknown LeRoy Police Officers claiming the vehicle was impounded because Plaintiff was driving the without a license. After several hours, Plaintiff was released from custody. Upon his release, Sheriff Deputies refused to return Plaintiff's wallet. Therefore, he could not afford a cab and was forced to walk approximately twenty miles to get home. The charges against Plaintiff were eventually dismissed because Plaintiff had a valid driver's license when he was arrested. Notwithstanding the dismissal of the charges, Plaintiff was still forced to pay the costs associated with the LeRoy Police Department having his vehicle towed and impounded.

On November 4, 2019, Plaintiff filed a Complaint against all of the Defendants. ECF No. 1. On December 19, 2019, Defendants City of LeRoy and Chief Jason Williamson filed an Answer and Affirmative Defenses. ECF No. 9. On January 3, 2020, Plaintiff filed an Amended Complaint against all of the Defendants. ECF No. 12. In his Amended Complaint, Plaintiff alleges a violation of the Fourth Amendment for conditions of confinement against Defendants McLean County Sheriff's Department and Unknown McLean County Sheriff Deputies (Count I); violation of the Fourth Amendment for excessive force against Defendants Williamson and Unknown LeRoy Police Officers (Count II); violation of the Fourth Amendment for unreasonable seizure against Defendants Williamson and Unknown LeRoy Police Officers (Count III); malicious prosecution under Illinois law against Defendant City of LeRoy (Count IV); and indemnification under Illinois law against Defendants City of LeRoy and McLean County (Count V). On January 14, 2020,

Defendants City of LeRoy and Williamson filed an Answer to the Amended Complaint. ECF No. 13. On March 5, 2020, the McLean County Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint. ECF No. 20. On March 30, 2020, Plaintiff filed his response to the Motion to Dismiss. ECF No. 22. This Opinion follows.

### STANDARD OF REVIEW

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper if a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, which when accepted as true, states a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility means alleging factual content that allows a court to reasonably infer that the defendant is liable for the alleged misconduct. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A plaintiff's claim must "give enough details about the subject matter of the case to present a story that holds together," to be plausible. *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010). A court must draw all inferences in favor of the non-moving party. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993).

When evaluating a motion to dismiss, courts must accept as true all factual allegations in the complaint. *Ashcroft*, 556 U.S. at 678. However, the court need not accept as true the complaint's legal conclusions; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atlantic Corp.*, 550 U.S. at 555). Conclusory allegations are "not entitled to be assumed true." *Ashcroft*, 556 U.S. at 681.

### ANALYSIS

In Count I, Plaintiff has brought a Fourth Amendment claim for conditions of confinement against the Sheriff's Department and Sheriff Deputies. Plaintiff alleges that despite numerous

requests, he spent several hours in custody at the McLean County Detention Facility without food, water, and permission to take his medication. Accordingly, Plaintiff argues that the denial was objectively unreasonable, and the Defendants violated his Fourth Amendment rights. The McLean County Defendants argue that the failure to provide food, water, and medicine in this instance does not rise to an Eight Amendment violation because Plaintiff's detention only lasted a few hours and there is no allegation of injury resulting from such a denial. Plaintiff argues that as a pretrial detainee, his claims should not be analyzed under the Eight Amendment standard.

The Seventh Circuit has explained that the scope of an individual's right to be free from punishment "hinges on his status within the criminal justice system." *Lewis v. Downey*, 581 F.3d 467, 473 (7th Cir. 2009). In particular, the protections of the Fourth Amendment apply at arrest and until an arrestee has benefitted from a judicial determination of probable cause, otherwise known as a *Gerstein* hearing; then, the Fourteenth Amendment's due process principles apply to pretrial detainees; and finally, the Eighth Amendment applies following conviction. *see Gerstein v. Pugh*, 420 U.S. 103 (1975); *Ortiz v. City of Chicago*, 656 F.3d 523, 530-31 (7th Cir. 2011).

In *Lopez v. City of Chicago*, 464 F.3d 711 (7th Cir. 2006), the Seventh Circuit articulated when a Fourth-Amendment arrestee becomes a Fourteenth-Amendment detainee:

> The Fourth Amendment protects against unreasonable seizures; an arrest is a seizure, and the Fourth Amendment affords persons who are arrested the further, distinct right to a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest. The judicial determination of probable cause may be made before the arrest (in the form of an arrest warrant) or promptly after the arrest, at a probable cause hearing (sometimes called a *Gerstein* hearing). But whether the arresting officer opts to obtain a warrant in advance or present a person arrested without a warrant for a prompt after-the-fact *Gerstein* hearing, the Fourth Amendment requires a judicial determination of probable cause.

*Id.* at 718-19 (internal quotations and citations omitted).

In *Lopez*, plaintiff brought a claim for unconstitutional conditions of confinement regarding mistreatment he sustained during four days in custody following a warrantless arrest. The district court analyzed the claim under the Fourteenth Amendment. The Seventh Circuit disagreed, holding that the claim should have been analyzed under the Fourth Amendment's reasonableness standard because plaintiff had not yet had a *Gerstein* hearing. *Id.* This is consistent with the Supreme Court's recent articulation that "those detained prior to trial without such a [probable cause] finding could appeal to 'the Fourth Amendment's protection against unfounded invasions of liberty.' " *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 918 (2017) (quoting *Gerstein* 420 U.S. at 112).

Applying those principles here, the Amended Complaint does not allege that Plaintiff was arrested pursuant to a warrant and it does not allege that Plaintiff had a *Gerstein* hearing. Instead, Plaintiff alleges that he was arrested pursuant to a traffic stop and then released several hours later. According to Plaintiff, it was sometime after his release that his charges were dismissed. The Court finds that Plaintiff's Amended Complaint is sufficient at this stage of the litigation to state a Fourth Amendment claim based on the allegedly unreasonable conditions of his confinement. "Claims regarding conditions of confinement for pretrial detainees . . . who have not yet had a judicial determination of probable cause . . . are . . . governed by the Fourth Amendment and its objectively unreasonable standard." *Williams v. Rodriguez,* 509 F.3d 392, 403 (7th Cir. 2007).

Plaintiff's allegations regarding his confinement, including denial of food, water, and medication, adequately describe what could be viewed as unreasonable conditions. Therefore, the Court declines to dismiss Count I against the McLean County Defendants.

Defendants also argue that Plaintiff failed to state a cause of action for a *Monell* claim against them; however, Plaintiff has stated that he is not bringing such a claim against the McLean County Defendants. ECF No. 22 at 5. Therefore, the Court denies the Motion on this basis as moot.

## CONCLUSION

For the reasons stated above, the McLean County Defendants' [20] Motion to Dismiss is DENIED.

ENTERED this 30th day of April, 2020.

                                                         /s/ Michael M. Mihm
                                                         Michael M. Mihm
                                                  United States District Judge